This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Ohio Motor Vehicle Dealers Board ("Board"), appeals the decision of the Medina County Court of Common Pleas. We reverse and remand.
 I.
This case arises from the Board's revocation of appellee's, Ohio Auto Sales, Inc. ("Ohio Auto"), used motor vehicle dealer license. After an evidentiary hearing, the Board revoked Ohio Auto's license. The Board's November 24, 2000 adjudication order states:
FINDINGS OF FACT
 1. Respondent is currently licensed as a motor vehicle dealer in the state of Ohio.
 2. On or about December 30, 1998, in the Medina County Court of Common Pleas, Respondent was found guilty of Failure to Comply With Order or Signal of Police Officer, a fourth degree felony, in violation of Ohio Revised Code Section 2921.331.
 3. On or about September 13, 2000, Respondent's dealership at 3303 Medina Road, Medina, Ohio, was not open for business during posted business hours, in violation of Ohio Revised Code Section 4517.03(C), and Ohio Administrative Code Section 4501:1-3-08.
 4. Respondent testified at the hearing that the felony conviction was not related to the sale of motor vehicles, and that he was not open for business on the day of inspection due to being incarcerated.
 CONCLUSIONS OF LAW 1. The conviction under Ohio Revised Code Section 2921.331, and the violation of Section 4517.03(C) of the Ohio Revised Code, and Section 4501:1-3-08 of the Ohio Administrative Code, are grounds for denial of the license pursuant to Sections 4517.12(A)(2), (A)(9), and (B) Ohio Revised Code.
 2. Violations of Sections 4517.12(A)(2), (A)(9) and (B) of the Ohio Revised Code constitute grounds for the revocation or suspension of the motor vehicle dealer's license pursuant to Section 4517.33 of the Ohio Revised Code.
 ORDER It is hereby ordered by the Board that the license issued to Ohio Auto Sales, Inc., Tony Lungaro, President, is revoked. Said revocation shall become effective at the close of business day January 3, 2001.
On December 7, 2000, Ohio Auto appealed the Board's decision to the Medina County Court of Common Pleas. The trial court reviewed the Board's decision and reversed the Board's adjudication order revoking Ohio Auto's license. The trial court held that the Board failed to make "essential evidentiary predicates" to support the Board's conclusions of law regarding the felony conviction of Lungaro, the President of Auto Sales. Furthermore, the trial court found that the Board failed to provide Auto Sales with a proper Notice of Opportunity for Hearing pursuant to Ohio Adm. Code 4501:1-3-13, regarding Ohio Auto's failure to be open during posted business hours.
This appeal followed.
 II. Assignment of Error No. 1: WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN REVIEWING THE TRANSCRIPT, AND IN FINDING THAT THE BOARD PROPERLY DECIDED THE MERITS OF THE ADMINISTRATIVE APPEAL.
 Assignment of Error No. 2: WHETHER THE TRIAL COURT WAS PERMITTED TO DISREGARD THE BOARD'S CONSIDERATION OF THE EVIDENCE AND TESTIMONY, AND INSTEAD SUBSTITUTE ITS OWN FINDINGS IN DETERMINING WHETHER TO ALTER THE PENALTY LAWFULLY IMPOSED BY THE BOARD.
Appellant's two assignments of error are related and will be considered together for ease of discussion. Appellant challenges the trial court's decision in this administrative appeal.
We preface our decision with recognition of the extremely limited standards of review by which both the trial court and this court are bound. R.C. 119.12, which governs appeals from orders of administrative agencies, requires a court of common pleas to affirm an agency order if the court finds, "upon consideration of the entire record * * * that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." See, also, Univ. of Cincinnati v. Conrad
(1980), 63 Ohio St.2d 108, 111. In conducting its review of the record, "the court must generally defer to the administrative resolution of issues on which there is conflicting evidence." Gordon v. Ohio Dept. ofAdm. Services (Mar. 31, 1988), Franklin App. No. 86AP-1022, unreported.
The Supreme Court of Ohio has explained the even more limited standard of review for appellate courts:
 In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion.
Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 260-261. An abuse of discretion connotes more than an error of law or judgment, but implies that the judgment can be characterized as unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
R.C. 4517.12 provides the grounds for denial of a dealer's license. The statute states that "[i]f the applicant is a corporation * * * the registrar may refuse to issue a license if any officer, director, or partner of the applicant has been found guilty of the any act or omission that would be cause for refusing or revoking a license issued to such officer, director, or partner as an individual." R.C. 4517.12(B). One possible ground for revoking an individual dealer's license is contained in Ohio Adm. Code 4501:1-3-09 which provides "[t]he registrar shall deny the application of any person for a motor vehicle dealer's license * * * or for the renewal of a motor vehicle dealer's license * * * if the registrar finds that the applicant has been convicted of a felony[.]"
In the present case, Lungaro acting under his authority as President of Ohio Auto Sales completed, signed and filed the annual renewal application.[1] The Board focused on Lungaro's felony conviction as the first of its two reasons to support a revocation of Ohio Auto's license. As previously noted, the trial court found that Lungaro's felony conviction was not a proper basis to revoke the license because the Board "made no finding of fact that Tony Lungaro is a felon, or that he is the President of * * * Ohio Auto Sales, Inc." However, in its review of the Board's decision, the trial court did find that there was undisputed evidence in the record that Lungaro was convicted of a fourth degree felony and undisputed evidence that he was the President of Ohio Auto.
The trial court's reversal of the Board's adjudication order was an abuse of discretion. As the reviewing court, the trial court must affirm the Board's decision when "upon consideration of the entire record * * * the order is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12, see, also, Univ. ofCincinnati v. Conrad, 63 Ohio St.2d at 111. We note that the trial court's standard of review is not limited to the findings of facts as stated in the Board's adjudicatory order; rather, the trial court's review is to include a consideration of the entire record. The trial court's journal entry states that the evidence regarding Lungaro's felony conviction and position as President of Ohio Auto was undisputed. Accordingly, the Board's revocation of Ohio Auto's license pursuant to R.C. 4517.12 and Ohio Adm. Code 4501:1-3-09 was supported by reliable, probative, and substantial evidence.
Having found that the trial court abused its discretion reversing the Board's revocation of Ohio Auto's license regarding Lungaro's felony conviction, we need not engage in a discussion regarding the Board's second reason[2] to revoke the license. The Board's first and second assignments of error are sustained.
 III.
Having sustained the Board's two assignments of error, the judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
SLABY, P.J., CARR, J. CONCUR
[1] The record reflects that Lungaro submitted two separate renewal applications. The first application was filed under the former business name, Medina Auto Sales, Inc. In this first application, Lungaro answered "yes" to the inquiry regarding a felony conviction. In the requisite attachment of particulars, Lungaro stated that he had pled no contest to the traffic violation of failing to comply with the order or signal of an officer. Lungaro's offense was a violation of R.C. 2921.331 that is a felony in the fourth degree.
After Lungaro changed the business name to Ohio Auto, he submitted a second renewal application. In the second application, Lungaro responded that he was not able to affirm whether the applicant or any of the applicant's owners, officers or directors have individually or in their capacity as the owner, officer or director "[e]ver been convicted of or pleaded guilty to a felony or fraudulent act since the license was first issued or last renewed."
[2] The second issue was in regard to the business not being opened during posted hours. See R.C. 4517.03(C) and Ohio Adm. Code4501:1-3-08.